REBECCA D. EISEN, State Bar No. 96129
SHANNON B. NAKABAYASHI, State Bar No. 215469
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
snakabayashi@morganlewis.com

JOHN S. BATTENFELD, State Bar No. 119513
DONNA MO, State Bar No. 240621
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   213.612.2500
Fax:   213.612.2501
jbattenfeld@morganlewis.com
dmo@morganlewis.com

Attorneys for Defendant
BLOCKBUSTER INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO WILBURN, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCKBUSTER INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 3:08-CV-01249-JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  June 6, 2008<br>Time:  1:30 p.m.<br>Hon.   Jeffrey S. White<br>Dept:  2, 17th Floor |

Plaintiff Dino Wilburn ("Plaintiff" or "Wilburn") and Defendant Blockbuster, Inc. ("Defendant" or "Blockbuster") (together hereinafter as the "Parties") timely submit this Joint Case Management Conference Statement in connection with the Initial Case Management Conference scheduled for June 6, 2008 at 1:30 p.m. in Department 2 of this Court.

1

## I. JURISDICTION & SERVICE

The parties agree that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) & (d) pertaining to diversity of citizenship and 28 U.S.C. § 1453 and the Class Action Fairness Act ("CAFA"). No parties remain to be served.

## II. FACTS

Plaintiff Dino Wilburn was employed by Defendant Blockbuster, Inc. from October 29, 2001 to January 31, 2007. Plaintiff worked at several different stores in the Los Angeles area, including Highland Park, Burbank, Los Angeles, Hollywood, La Brea and Sherman Oaks. From October 29, 2001 to approximately November 20, 2006, Plaintiff was classified as a non-exempt, hourly employee. From November 20, 2006 to the end of his employment, Plaintiff was classified as an exempt employee. At the time he began his employment, his pay rate was $7.95/hour. At the end of his employment, his pay rate was $14.37/hour. Plaintiff's employment ended on January 31, 2007.

Plaintiff filed his lawsuit in Alameda County Superior Court on January 14, 2008. Defendant asserts that it timely removed the action to this Court on March 3, 2008 based upon diversity of citizenship.

The principal factual issues in dispute are as follows:

- Whether Defendant failed to provide Plaintiff with meal periods, and if not, whether Defendant paid an hour of premium pay for any missed, shortened, late, or otherwise improperly provided meal periods;
- Whether Defendant failed to provide Plaintiff with rest breaks;
- Whether Defendant failed to pay Plaintiff for all hours worked, including overtime;
- Whether Defendant permitted or required Plaintiff to work "off-the-clock";
- Whether Defendant failed to keep accurate records of Plaintiff's wages, work periods, and meal periods;
- Whether Plaintiff was eligible for and received reporting-time pay;
- Whether Defendant failed to provide a "uniform" for Plaintiff;
- Whether common legal and factual issues exist and, if so, whether such issues

2

predominate over individualized issues;

- Whether Plaintiff's claims are typical with respect to claims of the putative class;
- Whether Plaintiff is an adequate representative of the putative class members.

Other factual issues may emerge during the discovery process. Plaintiff has represented to Defendant that he may file an Amended Complaint.

## III. LEGAL ISSUES

Plaintiff contends that the key issue is that Defendant violated California wage and hour laws as alleged in his complaint. Further, Plaintiff disagrees with Defendant's assertions of the legal issues outlined below as being inaccurate, inappropriate, and/or inapplicable to Plaintiff's claims for relief.

Defendant contends that among the key legal issues in the case are the following:

- Whether the language of California Labor Code section 226.7 and 512 requiring that an employer "provide" a meal period means that an employer must ensure an employee takes a meal period or means that an employer must offer the employee a sufficient opportunity to take a meal period. White v. Starbucks Corp., 497 F. Supp.2d 1080 (N.D. Cal. 2007); Brown v. Federal Express Corp., 2008 WL 906517 (C.D. Cal. 2008);
- Whether the language of California Labor Code section 226.7 and the Industrial Welfare Commission Wage Orders requiring that an employer "authorize and permit" an employee to take a rest period means that an employer must ensure an employee takes a rest period or means that an employer must afford the employee an opportunity to take a rest period. White v. Starbucks Corp., 497 F. Supp.2d 1080 (N.D. Cal. 2007);
- Whether the California Labor Code or the IWC Wage Orders dictate the timing of meal breaks and if so whether the hour of premium pay described in Labor Code Section 226.7 would be applicable to "untimely" meal breaks;
- Whether Plaintiff is entitled to "reporting time pay" pursuant to Wage Order 7-2001(5)(B);

- Whether Defendant complied with the "Uniforms" provision of Wage Order 7-2001(9);
- Whether Plaintiff's causes of action for conversion and breach of contract are duplicative;
- Whether Plaintiff's request for punitive damages is proper;
- Whether Plaintiff is entitled to "waiting time" penalties pursuant to California Labor Code Section 203;
- Whether class certification is warranted under Rule 23 and, if so, the scope/definition of the class;
- Whether Plaintiff may seek penalties pursuant to the Private Attorneys General Act ("PAGA"), California Labor Code Section 2699 *et seq.*, for violations of Labor Code provisions that already provide for a civil penalty;
- Whether Plaintiff timely exhausted his PAGA administrative remedies pursuant to Section 2699.3 of the California Labor Code;
- Whether PAGA penalties would be "unjust, arbitrary and oppressive or confiscatory" as set forth in Section 2699(e) of the California Labor Code;
- Whether any of the purported wage/hour violations alleged by Plaintiff in his Complaint constitute "unlawful," "unfair," or "fraudulent" business practices under Section 17200 of the California Business and Professions Code;
- Whether Plaintiff can maintain a claim under Section 17200 of the California Business and Professions Code to the extent the underlying alleged violations would result in Plaintiff being awarded either statutorily mandated amounts or civil penalties;
- Whether conduct declared lawful by the California Legislature can be deemed unfair competition within the meaning of Section 17200 of the California Business and Professions Code;
- Whether the claims of any putative class members, including Plaintiff, are barred or limited by the doctrines of res judicata and collateral estoppel.

Discovery, which is not yet underway, may reveal additional legal issues in dispute.

4

Plaintiff has represented to Defendant that he may file an Amended Complaint

### IV. MOTIONS

There are no prior or pending motions.

Plaintiff anticipates filing a Motion for Class Certification and, absent a stipulation, a Motion to File a First Amended Complaint.

Defendant anticipates filing a Motion to Dismiss/Motion to Strike various claims and causes of action alleged in the Complaint. Defendant also anticipates filing a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment, depending upon the facts adduced in discovery.

### V. AMENDMENT OF PLEADINGS

Plaintiff has represented to Defendant that he intends to file an Amended Complaint.

### VI. EVIDENCE PRESERVATION

Defendant has taken appropriate steps to preserve evidence relevant to the issues reasonably evident in this action, including appropriate interdictions of automatic document-destruction programs and pertinent electronically-recorded material.

### VII. INITIAL DISCLOSURES

The Parties have timely met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure. Consistent with the Court's initial case management scheduling order and pursuant to the Parties' agreement, the Parties will be making their respective initial disclosures pursuant to Rule 26 on or before May 30, 2008. Because such disclosures have not occurred as of the filing of this Joint Statement, the Parties have not included a description of such disclosures herein.

### VIII. DISCOVERY

Neither party has served any discovery to date. With the following exception, the parties each propose separate discovery plans. Both parties stipulate that more than ten depositions per side may be necessary. The parties agree to continue to meet and confer on this issue.

////

////

**DEFENDANT'S PROPOSED DISCOVERY PLAN**

Defendants believe that class-wide discovery is premature at this stage. Discovery should be limited to Plaintiff's individual claims and discovery which is directly relevant to the issue of whether a class may be certified.

**Initial Discovery:** Both Parties intend to propound requests for production of documents and interrogatories prior to the Case Management Conference on June 6, 2008. Defendant intends to take the deposition of the Plaintiff at a mutually agreeable date after receiving and analyzing Plaintiff's responses to the written discovery.

**Proposed Modifications to Federal Rules of Civil Procedure:** Pursuant to Rule 30(d)(1), Defendants request a maximum of fourteen (14) hours to depose Plaintiff Dino Wilburn. The Parties also agree to meet and confer in good faith to the extent that either party expresses a need for any further expansion of deposition discovery.

Defendant objects to Plaintiff's list of proposed 30(b)(6) deponents on the grounds that Plaintiff has failed to show good cause as to why such depositions are necessary or warranted at this stage of the litigation.. Defendant further objects to Plaintiff's request for additional depositions.

Defendant also objects to the Plaintiff's proposed increase in the number of interrogatories and requests for admissions as premature and/or unnecessary. FRCP Rule 36 does not limit the number of requests for admissions. Plaintiff has failed to show good cause why additional interrogatories are necessary. Defendant believes, absent a showing a good cause, both sides should be limited to 25 interrogatories provided for by FRCP Rule 33..

**PLAINTIFF'S PROPOSED DISCOVERY PLAN**

Plaintiff proposes that Discovery should not be conducted in phases. "Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and class wide discovery is often necessary as circumstantial evidence even when the class is denied. Such a discovery bifurcation will often be counterproductive in delaying the progress of the suit for orderly and efficient adjudication." See Newberg on Class Actions § 7:8, page 25.

Plaintiff objects to Defendant's request for fourteen (14) hours for the deposition of Plaintiff Dino Wilburn, without a proper showing of necessity or good cause. Plaintiff also objects to the depositions of declarants and putative class members who may file declarations in support of or in opposition to Plaintiff's Motion for Class Certification, without a proper showing of necessity or good cause.

As for written discovery, Plaintiff submits the following proposed modifications of discovery rules:

    A.    Plaintiff requests a total of 125 interrogatories.

    B    Plaintiff proposes that the parties agree that all suggested scheduled dates are conditioned on the completion of discovery and Defendant's timely production of requested documents/data.

At a minimum, Plaintiff will want to depose the following:

    A.    Director of Operations or Person(s) Most Knowledgeable: To determine how defendants are operated i.e. who is in control of deciding on how many employees are hired, the time and manner of payment of wages including compliance with CAL. LAB. CODE §§ 201, 202, 203, and 226.7 wages;

    B.    Director of Payroll or Person(s) most knowledgeable: To determine who has responsibility for making sure employees are paid according to wage and hour laws, including CAL. LAB. CODE §§ 201, 202, 203, and 226.7 wages; wow payroll is processed by Defendants; and who controls the decision on how and when employees are paid by Defendants;

    C.    Director of Human Resources: To determine who is in control of deciding how employees and managers are trained in California law regarding rest and meal periods and timely payment of wages;

    D.    Director, Compensation Group – Has overall responsibility for the Compensation

Group's wage and hour compliance;

E. Director, Payroll Group – Has overall responsibility for making sure employees are paid according to wage and hour laws; and

F. Human Resources Regional Director.

## IX. CLASS ACTIONS

Plaintiff intends to file a Motion for Class Certification. Plaintiff proposes that the Motion for Class Certification shall be filed by March 20, 2009. Defendant proposes that the Motion for Class Certification shall be filed by November 30, 2008.

## X. RELATED CASES

The parties are currently unaware of any pending related cases.

Two prior putative class actions, containing similar allegations, were filed against Blockbuster: *Salazar v. Blockbuster*, Los Angeles County Superior Court, Case No. BC 318260; and *Slaske v. Blockbuster*, United States District Court for the Central District of California, Case No. CV 05-7180 ER (CWx).

## XI. RELIEF SOUGHT

Plaintiff seeks monetary and injunctive relief. The amount of any damages sought is too early to determine without conducting discovery to determine class size. The damages will be based on the CAL. LAB. CODE and class size.

## XII. SETTLEMENT AND ADR

The parties are willing to participate in Early Neutral Evaluation through the Northern District's ADR Program.

## XIII. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to proceed before a Magistrate Judge.

## XIV. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

*See* Key Issues, above. Defendant intends to file a Motion to Dismiss/Motion to Strike to narrow the issues, and after reviewing initial discovery, Plaintiff expects to amend the Complaint to refine and narrow the claims.

## XVI. EXPEDITED SCHEDULE

This case is not appropriate for an expedited schedule.

## XVII. SCHEDULING

### Plaintiff's Proposed Schedule

The principal issue for class treatment involves whether Defendant has a policy of editing employee time records to remove the hour of premium pay for missed or shortened meal break periods. Initially, Plaintiff intends to seek discovery as to his own edited time records. That process should be completed by August 30, 2008. At the same time, Plaintiff also intends to obtain the edited time records for a sampling of other California employees. Plaintiff expects s this would be completed by November 30, 2008, and that the appropriate expert analyses of that time data would be completed by January 31, 2009. Accordingly, Plaintiff proposes that the following dates be adopted by the Court:

### Defendant's Proposed Schedule

Defendant objects to Plaintiff's proposed scheduled and proposed discovery "phases," particularly in light of the position taken by Plaintiff in Section VIII, *supra.* Defendant further objects to Plaintiff's various discovery deadlines on the ground that they are premature and were not previously discussed with Defendant's counsel during the parties' Rule 26(f) conference. Defendant should not be precluded from filing a dispositive motion at any stage of the litigation.

### Parties' Proposed Dates

|  | Plaintiff's proposal | Defendant's proposal |
| --- | --- | --- |
| Deadline for Discovery re: Plaintiff's Records | August 30, 2008 | Defendant objects to this deadline as premature and unnecessary. |

| | | |
|---|---|---|
| Deadline for Discovery of a Sampling of Class Members | November 30, 2008 | Defendant objects to this deadline as premature and unnecessary. |
| Deadline for Completion of Expert Analyses of Discovery | January 31, 2009 | Defendant objects to this deadline as premature and unnecessary. |
| Class Certification Motion Filing Deadline | March 20, 2009 | November 30, 2008 |

| | Plaintiff's Proposal If Class Certification Denied | Plaintiff's Proposal If Class Certified | Defendant's Proposal |
|---|---|---|---|
| Expert Trial Witness Disclosure Deadline | September 30, 2009 | December 31, 2009 | March 2, 2009 |
| Non-Expert Discovery Cut-Off | October 31, 2009 | January 30, 2010 | January 31, 2009 |
| Expert Trial Witness Discovery Cut-Off | November 30, 2009 | February 28, 2010 | April 17, 2009 |
| Dispositive Motion Filing Cut-Off | December 18, 2009 | March 26, 2010 | April 3, 2009 |
| Trial Date | February 22, 2010 | April 26, 2010 | May 2009 |

## XVIII. TRIAL ESTIMATE

**Plaintiff's Estimate**

   Plaintiff has requested a jury trial in this action. The length of any potential trial will depend greatly on whether or not a class is certified. As such, any discussion of trial length is premature.

**Defendant's Estimate**

Although it is difficult at this stage of the litigation to estimate the time required for trial, particularly when the outcome of Plaintiff's motion for class certification and/or Defendant's motion for summary judgment may significantly alter the playing field.

Given the size of this purported class action, if the case is certified to be tried as a class action, Defendant believes that the time required will exceed six months. If the case is not certified as a class action, Defendant believes that the time required for trial will be approximately four (4) days.

## XIV. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff does not know of any other entities that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant filed its Certification of Interested Entities or Parties on March 3, 2008. Other than the named parties, Defendant has no such interests to report.

Dated: May 30, 2008

BAILEY PINNEY, PC
JOSEPH R. MATA
SUSAN SIMONS SEEMILLER
ANGELA LAIDLAW

By  /s/
Susan Simons Seemiller
Angela Laidlaw
Attorneys for Plaintiff
DINO WILBURN.

Dated: May 30, 2008

MORGAN, LEWIS & BOCKIUS LLP
REBECCA D. EISEN
JOHN S. BATTENFELD
SHANNON B. NAKABAYASHI
DONNA MO

By  /s/
Rebecca D. Eisen
Shannon B. Nakabayashi
Attorneys for Defendant
BLOCKBUSTER INC.